IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TYGANDA GILMORE,** ) | |
| Plaintiff, ) | Civil Case No. 7:21cv00120 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **WARDEN, et. al,** ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Tyganda Gilmore, a federal inmate proceeding pro se, filed this complaint asserting a claim pursuant to the judicially-created remedy for constitutional violations recognized in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and its progeny. Specifically, he alleges that defendants violated his Eighth Amendment rights during two incidents that occurred on January 5, 2017, and January 17, 2017, when he was housed at the United States Penitentiary in Lee County. See generally Compl., ECF No. 1.

Upon review of the complaint, the court concludes that the complaint must be dismissed because it is clear from its face that Gilmore's claims are barred by the applicable statute of limitations. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. §§ 1915A(b)(1). Cf. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006) (holding that a court may sua sponte dismiss a complaint as time-barred on initial review pursuant to 28 U.S.C. § 1915); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (explaining that a court may summarily dismiss a complaint when it is clear from its face that the claims are barred by the applicable statute of limitations).

A Bivens claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims. See Owens v. Okure, 488 U.S. 235, 239–40

(1989) (holding same as to § 1983); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) ("[B]ecause there is no statute of limitations for Bivens actions, the district court correctly looked to West Virginia law.").[1] Virginia requires a personal injury action be brought within two years of its accrual. Va. Code Ann. § 8.01-243(A); cf. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years).

The events on which Gilmore's claims are based occurred in January 2017, approximately four years before he filed suit in January 2021.[2] Moreover, although the Fourth Circuit has held that equitable tolling applies to the period during which a prisoner is exhausting his administrative remedies, Battle v. Ledford, 912 F.3d 708 (4th Cir. 2019), Gilmore's complaint notes that he immediately began the grievance process, and his attached grievance form (Form BP-9) indicates that it was submitted in February 2017. Moreover, his complaint alleges that he was unable to exhaust his remedies because the "unit team refused to process [his] grievances once he filed them," suggesting that this refusal should excuse his failure to completely exhaust. As such, the complaint makes clear that his administrative

---

[1] Congress has specified a catch-all four-year statute of limitations for federal claims, but only for civil actions "arising under an Act of Congress enacted after" December 1, 1990. 28 U.S.C. § 1658(a). Bivens-type claims are claims in which courts have recognized an implied damages remedy under the Constitution itself. Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017). Because such claims do not arise under an Act of Congress enacted after December 1, 1990, the four-year limitations provision in § 1658 is inapplicable to them. Kurinsky v. United States, 33 F.3d 594, 599 (6th Cir. 1994), abrogated on other grounds by Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008).

[2] Gilmore's complaint was received on February 11, 2021, by the Clerk of the United States District Court for the Eastern District of Virginia, where he originally filed it. The complaint was signed, however, on January 17, 2021, and that is the earliest date it could have been submitted to the prison mail system to be deemed filed.

remedies were not pending for almost two years, as would be required for equitable tolling to render his complaint timely. Accordingly, Gilmore's claims are untimely.[3]

For the foregoing reasons, Gilmore's complaint will be dismissed with prejudice for failure to state a claim. An appropriate order will be entered.

It is so **ORDERED**.

Entered: April 9, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.09 17:59:56
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[3] To the extent that Gilmore's complaint is intended to raise state-law claims, they would be barred by the same two-year statute of limitations applicable to personal injury actions. In the alternative, the court declines to exercise jurisdiction over any state-law claims. 28 U.S.C. § 1367(c)(3).